IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 99 CR 561-5 |
| | ) | |
| KEVIN SNULLIGAN | ) | |

MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S PETITION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582

**Introduction**

Following a jury trial, Kevin Snulligan was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and possession with intent to distribute mixtures of marijuana in violation of 21 U.S.C. § 841(a)(1). He was thereafter sentenced to 360 months imprisonment. Snulligan now challenges his sentence on the ground that Amendment 706 to the United States Sentencing Guidelines lowered the applicable sentencing range for his crimes, which if true would permit the court to resentence him within the lowered guidelines range pursuant to 18 U.S.C. § 3582(c)(2).

**Background**

Snulligan's conviction in 1999 was for possession with intent to distribute 1218 grams of cocaine, 514 grams of cocaine base, and a quantity of marijuana in violation of 18 U.S.C. § 841. (PSR 3:70-72.) The probation officer, in recommending an appropriate sentence for Snulligan, followed the procedures set forth in the United States Sentencing Commission Guidelines Manual in effect at the time for computing a sentencing range regarding a conviction involving two or more controlled substances. In doing so, the probation officer converted the different

substances to their marijuana equivalents, finding a total of 10,534.042 kilograms of marijuana equivalent. (PSR 4:120-130.) Based on that quantity, Snulligan's base offense level was 36. Snulligan's base offense level was adjusted upward two levels for obstruction of justice because Snulligan refused to be transported for a motion hearing, resulting in an offense level of 38. Snulligan's two prior drug trafficking felony convictions also qualified him as a career offender, which carried an offense level of 37. The guidelines instructed the probation officer to determine which offense level was greater, the one for the instant conviction or the one provided by the career offender table, and apply the higher of the two. Because the offense level for Snulligan's instant conviction was greater than that of a career offender, Snulligan was sentenced based on the offense level for the instant conviction. (PSR 6:191-199.) The probation officer also determined that Snulligan's criminal history warranted a classification of category VI. Based on an offense level of 38 and a criminal history in category VI, Snulligan's guideline range was 360 months to life. As stated earlier, this court sentenced Snulligan to 360 months.

Snulligan has now petitioned the court for a modification of his sentence pursuant to 18 U.S.C. § 3582.

## **Analysis**

Snulligan requests modification of his sentence based on "extraordinary and compelling reasons and to respond to changes in the guidelines." (Def.'s Mot. to Reduce Sentence 19.) Specifically, Snulligan says that the disparity between cocaine and cocaine base sentences is a compelling reason for a modification of his sentence. Snulligan also argues that Amendment 706 reduces his base offense level to 34, resulting in a sentencing range of 263 to 327 months, a reduction that would permit the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

(Dkt. No. 250.) For the reasons stated below, Snulligan's § 3582(c)(2) request for sentencing modification is denied.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 706 is an amendment lowering sentencing ranges for convictions involving cocaine base and is applicable to 18 U.S.C. § 3582(c)(2). *See* U.S.S.G., App. C, Amend. 706.

However, the guidelines also state that a reduction in the defendant's term of imprisonment "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To determine if the sentencing range would be lowered, the court must compute the "the guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect" at the time of sentencing. U.S.S.G. § 1B1.10.

On November 1, 2007, Amendment 706 to the guidelines went into effect and established a new procedure for calculating the offense level when cocaine base is combined with another controlled substance. *See* U.S.S.G., Supp. to App. C, Amend. 706; U.S.S.G. § 2D1.1(c). Amendment 706 instructs that "if the offense involves cocaine base and one or more other controlled substances," determine the combined offense level, but lower that offense level two levels at the conclusion. *See* U.S.S.G. § 2D1.1(c). Amendment 706 is retroactively effective as

to offenders who were sentenced under the offense level calculations as they existed before November 1, 2007. *United States v. Padilla*, 520 F.3d 766, 773 n. 2 (7th Cir. 2008).

Snulligan is correct in asserting that Amendment 706 applies to his case and that his new guidelines calculation results in a lower base offense level. Using the drug equivalency tables provided by the 2008 amended guidelines, the court determines that Snulligan's 1218 grams of cocaine is equal to 243.6 KG of marihuana, and the 514 grams of cocaine base equal to 10,280 KG of marihuana for a total of 10,523.6 KG of marihuana equivalent, resulting in a base offense level of 36. However, Amendment 706 requires that, because one of the controlled substances is cocaine base, the offense level be reduced by two offense levels, resulting in an offense level of 34. The two level enhancement for obstruction of justice would restore the level to 36. The net result is still two levels lower than the total offense level of 38, under which Snulligan was sentenced.

Snulligan, because of his criminal record was, and continues to be, subject to the career offender parameters of the United States Sentencing Guidelines. A defendant is considered a career offender if he is "at least 18 years old at time of instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance." U.S.S.G. § 4B1.1. A career offender's offense level is determined by the statutory maximum sentence for his or her offence. U.S.S.G. § 4B1.1(A). That offense level is compared to the level from the regular Sentencing Guidelines table and the higher of the two is chosen. A career offender's criminal history category is automatically VI.

In this case, Snulligan's conviction for possession with intent to distribute 514 grams cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) carries with it a statutory maximum of

life in prison.  The offense level under the career offender guideline that coincides with a conviction with a statutory maximum of life is 37.  During Snulligan's sentencing in 1999, the career offender level, which was 37, was less than the total offense level on which Snulligan was sentenced, which was 38.  Therefore, the career offender level was not used.  The court, in sentencing Snulligan, acknowledged that had the career offender level been greater, it would have been used by the court in sentencing Snulligan.  (Sentencing Tr. 32, 37 July 26, 1999.)

Snulligan's offense level, as calculated applying Amendment 706, is 36.  Therefore, Snulligan's career offender level of 37 is higher.  Even though an offense level of 37 is below the total offense level of 38 on which Snulligan's sentence was based in 1999, a level 37 offense committed by a defendant like Snulligan, who has a career history category of VI, carries with it the same guidelines range as a level 38, which is 360 months to life.  Consequently, the guideline range applicable to Snulligan is unchanged by Amendment 706.

Snulligan's remaining challenges to his sentence are without merit, as is his request for an evidentiary hearing.  This court therefore will not address those arguments here.

## **Conclusion**

Snulligan, when he was sentenced on July 26, 1999, qualified for career offender status, but was not sentenced on that basis.  If Amendment 706 of the United States Sentencing Guidelines had been in effect at that time, Snulligan would have been sentenced by this court under the career offender guidelines to 360 months in the custody of the United States Bureau of

Prisons. Consequently, Amendment 706 would not cause a change in Snulligan's sentence. Snulligan's petition for resentencing pursuant to 18 U.S.C. § 3582(c)(2) is, therefore, denied.

ENTERED:

_____
James F. Holderman
Chief Judge

Dated: July 14, 2009